## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| **Fitzpatrick Container Company,** | : | Chapter 7 |
| | : | |
| Debtor. | : | Bky. No. 20-14139 (PMM) |
| | : | |
| **Lynn Feldman, as Chapter 7 Trustee for the estate of the Fitzpatrick Container Company,** | : : : | |
| Plaintiff. | : : | Adv. No. 23-0070 (PMM) |
| v. | : : | |
| **John B. Lynch, Jr.,** | : : : | |
| Defendant. | : : | |

## **PRETRIAL ORDER**

    **AND NOW**, the plaintiff having filed an adversary proceeding and the defendant having filed a responsive pleading, it is hereby **ORDERED** that:

1. If not already filed, any party that is subject to Fed. R. Bankr. P. 7007.1 shall file the required disclosure on or before **November 14, 2023**.

2. **On or before November 21, 2023**, the parties shall file a Joint Statement whether they consent to participate in the court-annexed mediation program.
    a. If the parties consent to mediation, the Joint Statement shall either:
        i. request that the court appoint a specific individual to serve as mediator;
        ii. request that the court appoint a specific individual who has indicated a willingness and ability to serve as mediator, see ¶ 2.b. below, from a list of no more than three (3) names; or
        iii. advise the court that the parties cannot locate or cannot agree upon an individual to serve as mediator

      b.      Prior to the submission of a Joint Statement that provides a list of one (1) or more mediators acceptable to the parties, the parties shall contact each potential appointee to determine whether the person is willing to serve as mediator and whether that person has preliminarily determined that he or she is not disqualified under L.B.R. 9019-2(i).

3. On or before **November 28, 2023**, counsel shall have held and concluded the mandatory discovery conference pursuant to Fed. R. Civ. P. 26(f), incorporated into these proceedings by Fed.R.Bankr.P. 7026.   During said conference, the parties shall discuss how to proceed with general discovery and electronic discovery and shall consider whether the discovery and pretrial schedule detailed below in this order is appropriate in this proceeding.

4. On or before **December 5, 2023**, after the conclusion of the parties' discovery conference, **should the parties propose a discovery or pretrial schedule that differs from the one below**, they shall file with the bankruptcy court a report on discovery, as mandated by Fed. R. Civ. P. 26(f).   The parties shall detail those differences in their Rule 26(f) report, along with the reasons therefor.   The court may, when appropriate, order a hearing based on the information found in the Rule 26(f) report.   **If the parties are in agreement with the discovery schedule outlined herein, no report need be filed**.

5. The requirements of Fed. R. Civ. P. 26(a)(1) shall not apply in this adversary proceeding.

6. The following discovery and trial schedule shall be considered by the parties in their deliberations at their discovery conference:

      a.      All discovery shall be completed on or before **January 4, 2024**.

      b.      All expert witnesses shall be identified and a copy of each expert's report shall be provided to every other party, in accordance with Fed. R. Civ. P. 26(a)(2) on or before **January 10, 2024**.

      c.      All discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be served on opposing parties and filed with the bankruptcy court on or before **January 10, 2024**.

      d.      Any objections to Rule 26(a)(3) disclosures shall be served on opposing counsel and filed with the bankruptcy court on or before **January 17, 2024**.

      e.      All motions to amend the pleadings, or for summary judgment,[1] shall be

---

[1] A motion for summary judgment shall include a separate statement of those material facts that the movant contends are not in dispute with supporting citations to the record.   Failure to

       filed **on or before January 17, 2024**. If such a motion or motions is/are filed, the parties are **not relieved** of their obligation to comply with the terms of the balance of this Pretrial Order.

       f.    A Joint Pretrial Statement shall be filed in accordance with Local Bankruptcy Rule 7016-1 on or before **February 1, 2024**.

7.    A mandatory final pretrial/settlement conference shall be held on **Wednesday, February 7, 2024 at 2:00 p.m. in the United States Bankruptcy Court, Gateway Building, Fourth Floor Courtroom, 201 Penn St., Reading, Pennsylvania, 19601**.

8.    If the adversary proceeding is not resolved prior to the conclusion of the final pretrial/settlement conference, the adversary proceeding shall be set down for trial at the Court's first available date.

9.    Each party may file, no later than five (5) days prior to the date of trial, a trial memorandum with service on the opposing part(y)(ies) and a courtesy copy delivered to Chambers. **The trial may be continued only in exceptional circumstances on Motion and leave of Court.**

10.    All trial exhibits shall be pre-marked and exchanged at least three (3) business days prior to the date of trial.

**Date: 11/7/23**

                                                  **PATRICIA M. MAYER**
                                                  **U.S. BANKRUPTCY JUDGE**

---

comply with this requirement shall be grounds for summary denial of the motion.