IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>Fitzpatrick Container Company,<br>　　　　　　Debtor.<br><br>LYNN FELDMAN, as Chapter 7 Trustee<br>of the Fitzpatrick Container Company,<br>　　　　　　Plaintiff,<br>　v.<br><br>JOHN B. LYNCH, JR.,<br>　　　　　　Defendant. | Chapter 7<br><br>Case No. 20-14139-PMM<br><br><br><br>Adversary No. 23-00070-PMM |

### DEFENDANT'S REPLY BRIEF REGARDING JUDICIAL NOTICE OF PLEADINGS AND EXHIBITS FILED IN RELATED ADVERSARY CASES

Defendant, John B. Lynch, Jr., ("Jack Lynch, Jr" or "Lynch") by and through his undersigned attorneys, hereby submits this Reply Brief to address misstatements made by the Trustee in her Responsive Brief.

The Trustee states at page 2 of her responsive brief that "Defendant did not call the Plaintiff to testify and rested his defense." The Trustee characterizes this as a "litigation strategy." This is simply false. Defendant initially requested that the Trustee's Complaints against Eileen Shallow and Tom Shallow be admitted for all purposes by agreement. The Trustee declined. Lynch then called the Trustee to testify regarding those Complaints. The Trustee took the stand and was sworn in. However, Lynch was precluded from questioning the Trustee about the allegations she made in those filed pleadings because her counsel in those cases was not present. As such, Lynch requested that the Court take judicial notice of the substance of the Complaints on which the Trustee would have been closely questioned. The Court acknowledged that she could take judicial notice of the filing of other pleadings, and Lynch requested an opportunity to

1

brief the question of whether the Court could take judicial notice of the substance of the specific allegations in those actions that directly contradicted the Trustee's positions in this matter. This was done to mitigate any harm to Lynch as a result of the adverse ruling and to avoid having to suspend the trial until the Trustee's other counsel could appear for her testimony. Regardless, the allegations made by the Trustee in Complaints she filed against Eileen Shallow are clear. In her own words in that action, the Trustee acknowledged that Jack Lynch, Jr. was legitimately owed the retirement benefits she seeks to recover in this action.

The Trustee also states on Page 7 of her responsive brief, '[f]irst, the Defendant was not the only former shareholder of the Debtor and, as such, it is not a 'fact' that these future retirement obligations were the alleged retirement obligations due and owing to the Defendant." Again, this is false. Jack Lynch, Jr. was the only shareholder to retire and be owed a retirement benefit, as the Trustee well knows. Thomas Shallow died while employed and receiving his full salary. Eileen Shallow and Josephine Lynch were shareholders, but not employees of the Debtor. All other shareholders continued to be employed until the Debtor shut its doors. The Trustee's counsel was specially retained in this case because Duane, Morris, her counsel in the Eileen Shallow and Thomas Shallow, cases represented Jack Lynch, Jr. with regard to these very same retirement benefits. The Trustee's obfuscation in this regard is not merely overzealous advocacy. It is a deliberate fabrication made in a desperate attempt to salvage claims that should never have been brought. The Trustee's own words, asserted in a pleading made subject to Rule 9011, demonstrate that she had no viable claims against Jack Lynch, Jr.

Lynch requested that the court take judicial notice of the Complaint in the *Feldman v. Thomas Shallow, Jr.* Adv. Proc. 23-00017-PMM, Docket Information No. 1 (January 31, 2024), as the mere fact of its filing indicates that the Trustee did not believe that claims against Mr.

Shallow were uncollectible. If they were, then suing Mr. Shallow was not a good use of the limited resources of the Debtor's Estate. However, Mr. Shallow was one of the very same insiders to whom debts were owes that the Trustee's accountant valued at zero for purposes of his insolvency analysis. In one action, the Trustee justified paying her counsel to recover payments from Mr. Shallow. In another, she claims, through her accountant, that they are so thoroughly uncollectible that they must be written off entirely, thus rendering the Debtor insolvent since 2017. Again, the Trustee would have been questioned closely about this inconsistency in her positions had Lynch been permitted to do so.

Lynch respectfully requests that the Court enter judgment in his favor on all counts of the Trustee's Complaint.

Respectfully Submitted,

Salmon, Ricchezza, Singer & Turchi, LLP

 /s/ Sally J. Daugherty
By: Sally J. Daugherty, Esquire
1601 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 606-6628
sdaugherty@srstlaw.com
Attorneys for Defendant John B. Lynch, Jr.

Dated: February 26, 2025

3